UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT G. SCROGHAM, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-439 DRL-MGG |
| PLANET GOSHEN, LLC, | |
| Defendant. | |

OPINION & ORDER

Robert Scrogham, personal representative for Susan Scrogham's estate, sued Planet Goshen, LLC for negligence. To become a gym member, she signed an exculpatory agreement releasing Planet Goshen from all liability, including negligence. After Planet Goshen requested summary judgment, Mr. Scrogham filed a motion to certify the following question to the Indiana Supreme Court: "Should current Indiana law regarding release of liability waivers be changed to comport with advancements in jurisprudence, as exemplified by Indiana's sister states, to eliminate the releasing of a releasee's own negligence?"[1] The court denies certification.

The Indiana Appellate Rules allow "any federal district court" to "certify a question of Indiana law to the Supreme Court when it appears that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Ind. App. R. 64(A). The decision to grant or deny a motion to certify is within the court's discretion. *United Farm Bureau Mut. Ins. Co. v. Metro Human Relations Comm'n,* 24 F.3d 1008, 1015 n.10 (7th Cir. 1994). "Certification is appropriate when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where resolution of the question to be certified is outcome

---

[1] The amended complaint filed on October 13, 2021 merely substituted Mr. Scrogham as plaintiff, so the amendment has no effect on the pending motions.

determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *In re Badger Lines, Inc.*, 140 F.3d 691, 698 (7th Cir. 1998). The court must ask whether it "finds itself genuinely uncertain about a question of state law that is vital to a correct disposition of the case." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 671 (7th Cir. 2001) (citation and internal quotations omitted). Though the question may be determinative here, state law isn't genuinely uncertain. *See id.*; *Patz v. St. Paul Fire & Marine Ins. Co.*, 15 F.3d 699, 705 (7th Cir. 1994) (asking whether court harbors "serious doubt" about whether the Indiana Supreme Court would reach the same conclusion).

Indiana law on the enforceability of exculpatory clauses is neither indefinite nor unclear. Mr. Scrogham makes much of his contention that it has been over a century since the Indiana Supreme Court has addressed such a release. *See Payne v. Terre H. & I. R. Co.*, 62 N.E. 472 (Ind. 1902). But in *Trimble v. Ameritech Publ'g*, 700 N.E.2d 1128, 1129-30 (Ind. 1998), the Indiana Supreme Court through its adoption of *Pinnacle Computer Servs., Inc. v. Ameritech Publ'g, Inc.*, 642 N.E.2d 1011 (Ind. Ct. App. 1994), held exculpatory clauses to be enforceable so long as they don't contravene public policy, doubling down on Indiana's long-standing history recognizing the freedom of parties to enter contracts. *See, e.g., Hartman v. BigInch Fabricators & Constr. Holding Co.*, 161 N.E.3d 1218, 1220 (Ind. 2021) (quoting *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 749 (Ind. 2018)) ("Indiana courts 'firmly defend' parties' freedom to contract by enforcing their chosen terms.").

This standard, even before its approval and adoption by the Indiana Supreme Court in *Trimble*, has long been used to enforce exculpatory clauses for recreational activity. *See, e.g., City of Hammond v. Plys*, 893 N.E.2d 1, 4-5 (Ind. Ct. App. 2008) (fitness center's exculpatory clause was enforceable preventing a claim of negligence); *Avant v. Cmty. Hosp.*, 826 N.E.2d 7, 12 (Ind. Ct. App. 2005) *trans. denied* (health center's exculpatory clause upheld as enforceable preventing a claim of negligence); *Anderson v. Four Seasons Equestrian Ctr., Inc.*, 852 N.E.2d 576, 584-85 (Ind. Ct. App. 2006) *trans. denied*

(equestrian center entitled to summary judgment based on valid exculpatory clause); *Marshall v. Blue Springs Corp.*, 641 N.E.2d 92, 95-97 (Ind. Ct. App. 1994) (scuba diving center entitled to summary judgment because exculpatory clause released liability); *La Frenz v. Lake County Fair Board*, 360 N.E.2d 605, 608-10 (Ind. Ct. App. 1977) (county board entitled to summary judgment based on valid exculpatory clause signed for involvement in demolition derby); *see generally Powell v. Am. Health Fitness Ctr.*, 694 N.E.2d 757, 760-62 (Ind. Ct. App. 1998) (language of exculpatory clause wasn't sufficient to release fitness center, but held "it is not against public policy to enter an agreement which exculpates one from the consequences of his own negligence."). No question then need be certified to understand existing Indiana law. The question offered in the motion even suggests this conclusion by asking "[s]hould Indiana law . . . be changed[?]"

The Indiana Supreme Court has already had the opportunity to address this question and has thus far declined. *See Anderson v. Four Seasons Equestrian Ctr., Inc.*, 860 N.E.2d 599 (Ind. 2006) (denying transfer); *Avant v. Cmty. Hosp.*, 841 N.E.2d 178 (Ind. 2005) (denying transfer). There may be many reasons for this, but the opportunity nonetheless has existed. There isn't disagreement among panels of the Indiana Court of Appeals. Should a change, after recurring pronouncements from Indiana courts, be in order, the issue will likely recur and give the Indiana Supreme Court "ample opportunity to revisit the subject." *Schmitt v. Am. Family Mut. Ins. Co.*, 161 F.3d 1115, 1117 (7th Cir. 1998).

"At some level there is uncertainty in every application of state law. There is always a chance that a state supreme court, if it had the same case before it, might decide the case differently. This ever-present possibility is not sufficient to warrant certification." *State Farm*, 275 F.3d at 672. That possibility likewise isn't enough today. Accordingly, the court DENIES Mr. Scrogham's motion to certify [ECF 24] and ORDERS him to file his summary judgment response by November 11, 2021.

SO ORDERED.

October 21, 2021                                        *s/ Damon R. Leichty*
                                                        Judge, United States District Court